Donahue, J.
Section 3 of Article XVIII of the Constitution of Ohio, as amended September 3, 1912, provides among other things that municipalities shall have authority to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.
Section 126Ó4, General Code, provides that “Whoever operates a motor cycle or motor vehicle at a greater speed than eight miles an hour in the business and closely built-up portions of a municipality or more than fifteen miles an hour in other *470 portions thereof or more than twenty miles an hour outside of a municipality, shall be fined,” etc.
This statute is a police regulation, and, under the section of the constitution above referred- to, the municipality has the right to adopt and enforce within its limits police regulations in regard to the same subject-matter, not in conflict with this statute.
Notwithstanding this right conferred upon municipalities by the constitution of Ohio, Section 6307, General Code, specifically provides that local authorities shall not regulate the speed of motor vehicles by ordinance, by-law, or resolution. It is sufficient to say that the general assembly of Ohio cannot deprive a municipality of its constitutional rights. This section is clearly in violation of Section 3 of Article XVIII of the Constitution of Ohio, and void.
Section 17 of the ordinance under which this prosecution was brought provides that no vehicle shall be operated at a greater speed than eight miles per hour in the business or closely built-up portions of the city, or fifteen miles an hour in any other portion of the city, excepting bicycles, which are provided for under another ordinance.
This .section of the ordinance is not in conflict with the provisions of Section 12604, General Code, and was passed by the council in the exercise of its constitutional authority, and is therefore a valid and subsisting ordinance of the city of Fremont, Ohio.
It is claimed, however, that this ordinance is in conflict with the general law on the same subject- *471 matter, for the reason that it prescribes a different punishment than that prescribed by the statute of the state.
This question is not important in the disposition of this case, for even if it were conceded that a municipality has the authority under the provisions of Section 3 of Article XVIII of the Constitution of Ohio, as amended September 3, 1912, to prescribe a different punishment than provided in the statute covering the same subject-matter, nevertheless this ordinance in question provides that imprisonment may be a part of the penalty. In such case, the accused is entitled to a jury, and it is the right of the defendant to be so tried, regardless of whether the sentence imposes a term of imprisonment or not. Inwood v. State, 42 Ohio St., 186; Thomas v. Village of Ashland, 12 Ohio St., 124, and Simmons v. State, 75 Ohio St., 346, 350, 351.
It does not appear from the record that the defendant waived a jury, and without such a waiver the mayor had no authority to hear or determine the guilt or innocence of the defendant, and for this reason the judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones,' Matthias and Johnson, JJ., concur.